I concur. However, I think it would be helpful to the bar in future situations and to the legislature if it desired to amend Sec. 102-4-6, U.C.A. 1943, to elaborate on its construction. It presents a Chinese puzzle. It cannot be literally construed without making the latter part of it practically nugatory in operation. Two people who die cannot leave the same heirs unless they died simultaneously. If they both die in a common disaster when it cannot be ascertained in fact who died first, the statutes may furnish presumptions of survivorship. Wigmore on Evidence, 3rd Ed., Vol. IX, note 2 to Sec. 2499, and Sec. 2532, pages 354 and 480, respectively, although there was no presumption of survivorship at the common law. Faul v.French, 187 U.S. 401, 23 S.Ct. 184, 47 L.Ed. 233.
Literal interpretation practically defeating the purpose of the statute, the question arises as to how far we should "liberalize" it. The section being short, I quote it here in full for handy reference.
"In all cases where the estate left by a deceased person has descended from another deceased person whose estate has never been probated, or where two or more deceased persons held property during their lifetime as tenants in common, and neither estate has been probated, and where the heirs are the same, the court may grant letters of administration upon such estates jointly, and they may be administered the same as if they were but one estate."
For analysis I designate the part reading
"In all cases where the estate left by a deceased person has descended from another deceased person whose estate has never been probated,"
as the left arm of the alternative. The part reading
"Where two or more deceased persons held property during their lifetime as tenants in common, and neither estate has been probated, and where the heirs are the same," * * *
as the right arm of the alternative. As will be later noted, the word "or" poses an alternative in form only. The word *Page 144 
"or" could be interpreted as meaning "provided however." The first question which arises is as to whether the phrase "and where the heirs are the same" applies to both or only the right arm. The punctuation might be helpful if there were not so much of it. I do not think we should give any significance to the comma before the word "or." It is very questionable whether it was used according to any technical rule. It is better to reason, from the context, the limitations of the section rather than depend on a comma especially when subsequent commas make doubtful any significance of the first one. That the phrase "where the heirs are the same" was intended to be limited to apply only to the right arm will appear from the following analysis.
At the outset it should be noted that where two estates are joined in probate even contrary to the provisions of the statute where proper notice was given and the court had jurisdiction of both estates within the meaning of Sec. 102-1-2, U.C.A. 1943, there is no ground for thinking that the administration would be void. They could be treated as if they had been separately administered, each having the same person as administrator. As to each estate the inclusion of the name of the other estate in the notices might be considered as surplusage. If one bond was given to cover both estates it would do what two separate bonds would do. Accounts of the administrator would in orderly accounting be separated as to each estate. The real difference would lie in the fact that they would be docketed as one and that there would be one filing fee, one attorney's and administrator's fee, and that papers filed, orders and decrees made would cover both estates. But I do not see that there would be any essentially different court action had the court operated on the estates separately and nothing which would affect the validity of the orders or decrees or of the whole probate because of the joinder.
In the discussion and illustrations that follow, I shall designate as "A" the person first deceased and as "B," the person who died subsequently. As noted in the main opinion the words "the estate" would seem to mean the entire estate *Page 145 
of "B." "The estate" of "B" could hardly be a part of his estate. Hence, the first requisite of joinability of estates for probate as far as cases coming under the left arm of the alternative is concerned is that all of "B's" estate must have descended from "A." But all of "A's" estate need not have descended to "B." Were it not for the statute, I can see no real objection to probating two estates where, in the passage of a part or the whole of "A's" property through "B" to "B's" heirs some property of "B" not devolving from "A" was included. The central thought would seem to be that when it appeared, upon the threshold of administration of "B's" estate, that property included therein had come from "A" whose estate had not been probated, it would be well to confirm the title of "A's" estate in "B." This would mean probating "A's" estate as to all "A's" successors including "B" and for that purpose there seems to be little reason why it should be required that all of "B's" estate should have descended from "A." But suffice it to say that the legislature required otherwise. It would appear better not to liberalize this section any further than necessary to prevent it from being practically nugatory, and leave to the legislature the matter of determining how much it might desire to expand it. We turn now to a consideration of the right arm of the alternative. Where property is held in common by "A" and "B," and "A's" portion descends on "B" it would be impossible for "B's" estate to consist of only what came from "A" because "B's" estate would include his own undivided half interest in the property. Thus it appears that it was necessary to make an exception of estates held in common from the restriction that "B's" estate should consist solely of property descended from "A." Had the left arm permitted joinder or probate of "A" and "B's" estates if "B's" estate consisted also of property not descended from "A" there would have been no need to make a separate category for estates held in common because there is no difference as far as the operation of the laws of succession are concerned, whether one's property is an undivided interest or whether it is separately owned. Thus it appears clear that *Page 146 
the left arm restricts the joinability of estates for probate to those where "B's" estate consists only of property descending from "A."
But when an exception was thus awkwardly made to the requirement that all of "B's" estate must flow from "A," in favor of estates held in common, it became further necessary to place a limitation on the joinability for probate of estates held in common. Having released estates in common from the restrictive language requiring property to have descended from another, without further limitation, it might have taken them out of the law of succession. Had the language of the right arm not contained the provision as to the heirs being identical, estates held in common by strangers in blood such as those of partners not related by blood could have been joined in probate. Hence, the limitation that the heirs be the same was evidently put in to apply only to estates coming under the right arm, that is, the phrase reading "where the heirs are the same" applies only to estates in common.
Before closing, some interesting observations under the sections presently construed may be made. I see no reason why the estate of the last decedent must descend immediately from "A" to "B." For instance, "X" may be the direct heir of "A," and "B" the heir of "X." Thus if "X" were "A's" son and he (X) died leaving only property descending from "A" to "B" his (X's) wife and that was the only property possessed by "B," then on "B's" death, the estates of "A," "X" and "B" could probably be joined in probate, the unifying factor being the parcel coming from "A's" estate and constituting the entire estate of both "X" and "B." It would seem that the chain of succession would be extended beyond the first taking from "A" so long as the estate of each decedent in line consisted entirely of property descended from "A."
Also turning again to the right arm I see no reason under the language of the section why the estate "B" consisting in part of a parcel held in common by "A" and "B" cannot be joined in probate with "A's" estate even though *Page 147 
"B's" estate owns other property. This follows from the fact, as we have previously seen, that there is no restriction as to "B's" estate consisting entirely of property descended from "A" in the case of tenants in common.
We still have the interesting problem in the case of estates whose property was held in common by the respective intestates as to what are the "same heirs." As stated before, literally it would be only on simultaneous death that they could have the same heirs. What was probably meant was that, abstracting the survivor of "A" and "B," the heirs would be the same. This would be so in the case of brothers and/or sisters both dying without spouses or children leaving a parent or parents. It would also be the case where a husband and wife died without remarrying, leaving only children of whom both were the parents. But it may be that the phrase "same heirs" might be given a broader meaning. It might include grandchildren of "A" who were also children of "B" where "A" and "B" held property in common. Strictly speaking, such grandchildren would not be the heirs of "A" if "B" survived "A" but they would have been the heirs of "A" if "A" had survived "B." In such case if "A" had no child except "B" and thus no other grandchildren, the group who would inherit from "B" would be exactly the same as the group who would have inherited from "A" had "A" survived "B," granted "B's" spouse predeceased "B." Of course if "B" had survived "A," "B" would be the heir of "A," but when "B" died his or her children, absent a spouse and remaining parent, would be not the heirs of "A" but would be exactly the same group that would have been the heirs of "A" had "B" and "B's" spouse predeceased "A." Other situations where the heirs would be the same can be thought of. But this matter of determining how far to extend the beneficiary group which is to be the unifying factor for the joinder for probate is for the legislature. I see at present no grave reasons why estates of "A" and "B" should not be joined in probate where "B's" descends from "A" even though "B" has additional estates than that received from "A." This would *Page 148 
oviate the necessity of the whole second arm of the alternative because estates containing as a part of the property formerly held by the intestates in common would be on exactly the same basis as estates whose intestates owned property entirely separately. The only unifying feature required would be that some part of "A's" estate must have descended to "B."
McDONOUGH, J., concurrs in the result.